U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 1 2010

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

VICKIE ZERBY, §
    Petitioner, §
§
v. § Civil Action No. 4:10-CV-197-Y
§
JOE KEFFER, Warden, §
FMC-Carswell, §
    Respondent. §

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Vickie Zerby, Reg. 11243-067, is a federal prisoner incarcerated in the Federal Medical Center-Carswell in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell.

## C. Procedural History

Zerby is serving a 120-month term of imprisonment for her conviction in the Middle District of Pennsylvania, Harrisburg Division, for conspiracy to distribute and possession with intent to distribute crack cocaine and heroin. *United States v. Zerby*, Criminal Docket No. 1:01-CR-328-SHR. Zerby's projected release date with good time credit is August 16, 2011. (Resp't Second Supp. Resp., Declaration of Maria Martinez) On December 22, 2009, Zerby filed a request with the Bureau of Prisons (BOP) for 6-month placement in a residential re-entry center (RRC), also referred to as a community correctional facility or halfway house, and 6-month placement in home confinement, under 18 U.S.C. § 3624(c). (Pet., Ex. A) On January 14, 2010, the BOP disposed of her request as follows:

> You will be reviewed & recommend[ed] for appropriate halfway house time. It is up to the CCM's office to [be] placed in [] the halfway house for 6 months based on bed space in the (halfway house). 6 months is plenty of time to prepare yourself and be successful. You should not have withdrew from the Residential Drug program. This is a very valuable program.

(*Id.*)

Zerby filed a request for administrative review regarding placement in a RRC on April 12, 2010, which was itself denied on May 25, 2010. (Resp't Second Supp. Resp., Declaration of Maria Martinez; Resp't App., Ex. A at 2) Zerby did not submit a properly filed appeal of the denial. This federal habeas corpus petition was filed on March 24, 2010. In this petition, Zerby complains that the BOP has abused its discretion by categorically denying the transfer of eligible inmates to RRCs for more than six months before the end of their term of imprisonment.

2

D. EXHAUSTION

Keffer has filed a motion to dismiss the petition for failure to exhaust prison administrative remedies. However, to require Zerby to further exhaust administrative remedies would more than likely be futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

E. DISCUSSION

Under former § 3624(c) and BOP policy and regulations, the BOP could exercise its discretion categorically to designate an inmate to community confinement limited to the last ten percent of the sentence being served, not to exceed six months. Under the Second Chance Act, Congress amended § 3624(c) to increase placement in a RRC up to twelve months of the final months of an inmate's term of imprisonment, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). The criteria includes: the resources of the facility; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence; and any pertinent policy statement issued by the Sentencing Commission.

The Act further required the BOP to enact new regulations and policies consistent with the amended statute. Toward that end, the BOP rescinded its former regulations contained in C.F.R. §§ 570.20 and 570.21, issued new regulations in §§ 570.20 through 570.22, wherein the BOP adopted the five-factor criteria in § 3621(b) in determining an inmate's pre-release RRC placement eligibility on an individual basis and revised its policies to require the review of inmates by a unit team 17-19 months before their projected release date and limiting RRC placement beyond six months to inmates with unusual or extraordinary circumstances justifying such placement, provided the Regional Director concurs. (Resp't App., Attach. 1)

3

In denying Zerby placement in a RRC beyond six months, the warden stated in his May 25, 2010, written response:

> Your Unit Team conducted a thorough review of all factors related to your case, determined your release needs can be met with a 150 to 180-day RRC placement, and will be forwarding your referral material to the appropriate Community Corrections Manager (CCM) for further review. However, the CCM may adjust the recommended length of RRC placement as needed based on population needs, RRC bed space, and budgetary resources.

(Resp't Second Supp. Resp., Ex. B)

Further, Zerby's Unit Manager Juan Segovia states in his August 18, 2010, declaration:

. . .

> 4. I am Ms. Zerby's Unit Manager and on August 4, 2010, I evaluated Ms. Zerby for RRC placement in accordance with the criteria of 18 U.S.C. § 3621(b). After considering the requisite criteria, I recommend Ms. Zerby be placed in an RRC between 151-180 days.
>
> 5. As indicated above, Ms. Zerby was considered for appropriate RRC placement on an individual basis based on sound correctional judgment. An RRC evaluation was not completed prior to August 4, 2010, because Ms. Zerby has not yet been cleared for RRC placement due to her medical condition. If FMC Carswell medical staff members determine Ms. Zerby's health situation precludes RRC placement, she will remain at FMC Carswell until her release date or until she is medically cleared. If medical staff clear Ms. Zerby at a later date, she will be re-evaluated for RRC placement at that time.

. . .

(*Id.*, Ex. B, Declaration of Juan Segovia)

It is well settled in this circuit that there is no constitutionally protected right of a convicted person to early release under § 3624. *See Wottlin v. Fleming*, 136 F.3d 1032, 1036 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Stewart v. Tombone*, No. 3:97-CV-0129-BC, 1998 WL 158657, at *3 (N.D. Tex. Mar. 24, 1998) (not designated for publication). Disqualifying

Zerby based on her continued medical condition until her health improves and she is medically cleared is a reasonable exercise of the Bureau's discretion, and prison officials' authority, under the statute and the relevant regulations and policies.

## II. RECOMMENDATION

Based on the foregoing, Keffer's motion to dismiss and Zerby's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 22, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 22, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September \_\_\_\_/\_\_\_\_, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE